UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RUBENSTEIN AND RICHARD MACHADO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SCRIPPS HEALTH,<br><br>Defendant. | Case No.: 21cv1135-GPC(MSB)<br>21cv1143-GPC(MSB)<br>21cv1238-GPC(MSB)<br><br>**ORDER:**<br><br>**1) GRANTING IN PART JOINT MOTION TO CONSOLIDATE;**<br><br>**2) GRANTING JOINT MOTION TO APPOINT INTERIM LEAD CLASS COUNSEL; AND**<br><br>**3) DENYING JOINT MOTION TO APPOINT STEERING COMMITTEE AND LIAISON COUNSEL**<br><br>[Dkt. No. 8.] |

Before the Court are Plaintiffs Michael Rubenstein, Richard Machado, Kate Rasmuzzen, and James Garren's (collectively "Majority Group Plaintiffs") joint motion to consolidate related cases as well as the appointment of interim lead class counsel pursuant

1

to Federal Rules of Civil Procedure ("Rule") 42 and 23(g) and Rule 7.2 of the Local Rules.[1] (Dkt. No. 8.) No opposition was filed. Majority Group Plaintiffs represent that Defendant Scripps Health ("Defendant" or "Scripps Health") agrees to consolidation of all cases and the proposed initial case schedule and takes no position on the appointment of Majority Group Plaintiffs' proposed interim lead class counsel. (Dkt. No. 16 at 7.[2])

### A.   Motion to Consolidate

Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay. Fed. R. Civ. P. 42(a). "To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Prac. Litig.*, 282 F.R.D. 486, 490 (C.D. Cal. 2012) (citing *Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989)). A district court has "broad discretion" in determining whether or not to consolidate actions. *See id.*; *see also Zhu v.*

---

[1] This joint motion was originally filed on July 23, 2021 in Case No. 21cv1143-GPC(MSB), which was subsequently rejected on discrepancy on August 25, 2021. (Case No. 21cv1143-GPC(MSB), Dkt. Nos. 11, 15.) At the time, the joint motion indicated that Plaintiff David J. Ruben in Case No. 21cv1231-GPC(MSB) did not agree to the proposed leadership structure and opposed the motion. (*Id.*, Dkt. Nos. 11, 16 at 7 & n.3.) When the discrepancy was filed on August 25, 2021, David J. Ruben in Case No. 21cv1231-GPC(MSB) had filed a notice of voluntary dismissal on July 29, 2021 and the case was closed. (Case No. 21cv1231-H(MSB), Dkt. No. 6.) In the discrepancy, the Court directed Plaintiffs to refile their joint motion with "all current cases proposed to be consolidated and should include any other related cases that have recently been filed, (*e.g.*, 21cv1358-GPC(MSB)." (Case No. 21cv1143-GPC(MSB), Dkt. No. 15.) However, on August 25, 2021, Plaintiffs merely re-filed their original joint motion which still asserts that David J. Ruben opposes the motion. (*Id.,* Dkt. No. 16.) Majority Group Plaintiffs also failed to indicate whether Plaintiff Madelyn Rosen in Case No. 21cv1358-GPC(MSB) consents to the joint motion. Therefore, because it is not clear whether Madelyn Rosen has been notified of this joint motion or whether she objects or consents to the joint motion, the Court does not consider her case as part of this joint motion.

[2] Page numbers are based on the CM/ECF pagination.

*UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010) (citing *Southwest Marine*, 720 F. Supp. at 806-07).

The operative class action complaints brought by the Majority Group Plaintiffs all concern the ransomware attack and data breach suffered by Scripps Health around April 29, 2021. Due to the data breach, the cyber hackers gained access to personal and medical information of over 147,000 individuals stored on Defendant's computer servers. Plaintiffs allege that Defendant failed to adequately protect its network servers. Accordingly, because all cases involve the same underlying facts and substantially similar questions of law, consolidation would promote the interest of judicial efficiency and avoid duplication in the prosecution or resolution of the cases. As such, the Court **GRANTS** the Majority Group Plaintiffs' unopposed motion to consolidate the related cases of *Rubenstein v. Scripps Health*, 3:21-cv-01135-GPC-MSB; *Rasmuzzen et al. v. Scripps Health,* 3:21-cv-01143-GPC-MSB, and *Garren v. Scripps Health*, 3:21-cv-01238-GPC-MSB.

Majority Group Plaintiffs also move to consolidate any and all related cases subsequently filed, transferred or removed to this district. (Dkt. No. 16 at 7.) At this time, because any "future" cases are speculative, the Court **DENIES** the Majority Group Plaintiffs' request. Instead, if a case arising out of the same questions of law and fact is filed, transferred or removed to this district, and qualifies as a related case, it will be transferred to the undersigned judge based on the low number rule. *See* S.D. Civ. Local. R. 40.1(e)-(i). Once transferred to the undersigned judge, the parties may move for consolidation. *See Kristin Haley v. Macy's Inc.,* Case Nos. 15-cv-06033-HSG, 16-cv-01252-HSG, 16-cv-02850-HSG, 16-cv-03341-SBA, 2016 WL 4676617, at *3 (N.D. Cal. Sept. 7, 2016) ("At this time, the Court cannot determine whether consolidation of any future cases is appropriate" and denied motion without prejudice); *Kivenson v. U.S. Trust Corp., N.A*. Case No. CV 02-382 DT (RCx), 2002 WL 35651302, at *4 (C.D. Cal. July 22, 2002) (declining to issue order consolidating all future filed or transferred cases because such cases are unknown and not pending).

**B.     Motion for Appointment of Interim Lead Class Counsel, Steering Committee and Liaison Counsel**

Majority Group Plaintiffs move the Court to appoint William B. Federman of Federman & Sherwood as Interim Lead Class Counsel, to appoint one attorney from each of the other filed cases to establish Plaintiffs' Steering Committee, and if the Court chooses, to appoint Bibianne Fell of Fell Law as Liaison Counsel.  (Dkt. No. 16.)  No opposition has been filed.

Rule 23(g)(3) provides that a court may designate an interim counsel prior to certifying a class.  Fed. R. Civ. P. 23(g)(3) ("The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action.").  "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement."  Manual for Complex Litig., § 21.11 (4th ed. 2004).  Courts look to the Rule 23(g)(1)(A) factors in determining whether interim class counsel should be designated.  *White v. Experian Info. Sols.*, 993 F. Supp. 2d 1154, 1169 (C.D. Cal. 2014) ("Interim counsel can only be appointed if that counsel is adequate under the Rule 23(g)(1) factors and will 'fairly and adequately represent the interests of the class' under Rule 23(g)(4)."); *In re Seagate Tech. LLC Litig.*, Case No. 16-cv-00523-RMW 2016 WL 3401989, at *2 (N.D. Cal. June 21, 2016) ("Although Rule 23(g)(3) does not provide a standard for appointment of interim counsel, courts typically look to the factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A).").

Rule 23(g)(1)(A) requires that courts consider the following factors in appointing class counsel: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class."

Fed. R. Civ. P. 23(g)(1)(A).  Rule 23(g)(4) also requires that class counsel "must fairly and adequately represent the interests of the class."  Fed. R. Civ. P. 23(g)(4).

      Here, Mr. Federman has four decades of experience in complex litigation such as class actions and include data breach litigation.  (Dkt. No. 16 at 17-18; Dkt. No. 16-1, Ex. 1, Federman & Sherwood CV.)  He also has knowledge about complex e-discovery issues.  (Dkt. No. 16 at 17-18.)  He currently serves as co-lead counsel in a consolidated, multi-party medical records data breach case in this district, *In Re: Solara Med. Supplies Data Breach Litig.*, Case No. 19-cv-2284-H-KSC.  (*Id.* at 17.)  He has also worked with defense counsel in other similar data breach matters and other complex cases.  (*Id.* at 18.)  In this litigation, Mr. Federman and his firm has already used substantial resources to investigate the facts surrounding the data breach, such as its cause, Defendant's public statements after the breach, potential and actual damages caused by the data breach and consumer experiences concerning information compromised in the breach.  (*Id.* at 16.)  He has also spent significant time researching the law to draft a detailed complaint and interviewed multiple potential plaintiffs as well as potential expert witnesses.  (*Id.*)  He and his firm continue to conduct work on this case by reviewing consumer complaints about the data breach, communicating with putative class members, continuing investigation of the data breach and the scope of its consequences and coordinating with defense counsel to ensure efficient prosecution of the three cases including an initial agreed upon case schedule, preparing and circulating for comment a proposed ESI protocol and proposed protective order.  (*Id.* at 16-17.)  Mr. Federman indicates that his firm does not use outside sources to fund litigation expenses and has invested in excess of $1 million in expense to maximize the plaintiffs' recovery.  (*Id.* at 18.)  Counsel also states he is committed to pursuing the best interests of the proposed class in an efficient manner and understands the investment of time and resources necessary to pursue this action to successful resolution.  (*Id.* at 21.)

1    Based on this, the Court finds that the Rule 23(g) factors have been satisfied and
2  **GRANTS** the Majority Group Plaintiffs' joint motion to appoint William B. Federman of
3  Federman & Sherwood as Interim Lead Class Counsel.
4    Majority Group Plaintiffs also seek the appointment of a Steering Committee to
5  include the counsel in the other two cases, Scott Cole of Scott Cole & Associates, PA
6  CV, and Kelly Keenan Moran of WeissLaw LLP.  (Dkt. No. 16 at 18-20.)
7    "[Steering] Committees are most commonly needed when group members'
8  interests and positions are sufficiently dissimilar to justify giving them representation in
9  decision making."   Manual for Complex Litig., § 10.221 (4th ed. 2004).  Because
10 "[c]ommittees of counsel can sometimes lead to substantially increased costs, [counsel]
11 should try to avoid unnecessary duplication of efforts and control fees and expenses."  *Id.*
12   In this case, Majority Group Plaintiffs seek the appointment of a Steering
13 Committee to include one attorney from each filed action because it will clarify the
14 attorneys' roles and responsibilities and formally designate them to act in the best
15 interests of the proposed class and assures defense counsel that they are dealing with the
16 correct representatives of the proposed class. (Dkt. No. 16 at 14.)  Establishing a
17 Steering Committee will also provide gender and geographic diversity.  (*Id.*)
18   The reasons provided do not justify the need for a Steering Committee.  Majority
19 Group Plaintiffs fail to explain how the interests of the Steering Committee are dissimilar
20 or diverge and necessary to protect their interests.  *See Aberin v. American Honda Motor*
21 *Co., Inc.,* Case No.16-cv-04384-JST, 2017 WL 3641793, at *2 (N.D. Cal. Aug. 24, 2017)
22 ("Courts within this circuit routinely deny requests for appointment of executive
23 committees where a plaintiff fails to demonstrate that such an appointment is necessary.")
24 (collecting cases).  In *Aberin,* the district court denied the appointment of an executive
25 committee because the plaintiffs did not address or demonstrate that the interests of the
26 class diverge or were dissimilar and noted that the consolidated action only comprised of
27 two suits with "substantively identical" claims and just because there was more than one

plaintiff group did not warrant the appointment of an executive committee if their interests were not divergent or dissimilar.  *Id.*  Similar to *Aberin,* in this case, Majority Group Plaintiffs do not explain how the interests of the Steering Committee are dissimilar to the interests of the class and the Majority Group Plaintiffs involve three cases involving the same identical facts with similar legal issues.  The appointment of a Steering Committee would not be economical and not benefit the proposed class.

Lead counsel is already "[c]harged with formulating (in consultation with other counsel) and presenting positions on substantive and procedural issues during the litigation.  Typically they act for the group—either personally or by coordinating the efforts of others—in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing expert." Manual for Complex Litig., § 10.221 (4th ed. 2004).  Majority Group Plaintiffs propose that a Steering Committee is needed so that Interim Lead Class Counsel can consult and coordinate with other counsel regarding the prosecution of the action; however, that role is already included in the lead class counsel's duties.  Moreover, the purpose of selecting a lead counsel is to limit the number of law firms for economy and efficiency.  Including a counsel from each of the consolidated cases would defeat the purpose of appointing an Interim Lead Class Counsel.  In conclusion, the Court **DENIES** Majority Group Plaintiffs' motion to appoint a Steering Committee.

The Majority Group Plaintiffs also propose that "if the Court chooses to appoint a liaison counsel," then it should select Bibianne Fell of Fell Law. (Dkt. No. 16 at 6.)  A court, in its discretion, may appoint interim liaison counsel to assist interim lead counsel primarily with administrative matters.  *See Walker v. Discover Fin. Servs.*, No. 10–cv–6994, 2011 WL 2160889, at *3 (N.D. Ill. May 26, 2011); *see also* Manual for Complex Litig., § 10.221 (4th ed. 2004).  Liaison counsel generally assists lead counsel with

1  administrative matters, such as filings, communications with the court and other counsel,
2  convening meetings of counsel, assuring compliance with local rules, and attending
3  hearings.  *See Walker*, 2011 WL 2160889, at *5; *see also* Manual for Complex Litig., §
4  10.221 (4th ed. 2004).

5    Majority Group Plaintiffs fail to provide any reasons why liaison counsel should be
6  appointed and the Court does not see the justification for one at this time.  The three
7  consolidated cases arise out of the same facts and involve similar causes of action.  The
8  consolidated action is not complex or unwieldly involving many lawsuits with an
9  unmanageable number of attorneys and does not justify administrative support by a
10 liaison counsel.  *See In re Oxford Health Plans, Inc. Sec. Lit.*, 182 F.R.D. 42 (1998)
11 (granting co-lead counsel, an executive committee, and liaison counsel in a 52-action
12 consolidated action); *State of N.J. Dep't of Env't Prot. v. Gloucester Env't Mgmt. Servs.*,
13 Inc., 138 F.R.D. 421, 429 (D.N.J. 1991) ("Placement into a Liaison Group may be
14 required where it is reasonable to do so, in advancing the fair and efficient management
15 of a complex multi-party case."); *Vaughn v. American Honda Motor Co., Inc.*, Civil
16 Action No. 2:04-CV-142 (TJW) 2007 WL 2220924, at *1 (E.D. Tex. July 31, 2007)
17 ("this is not a complex situation where there are numerous lawyers that need to be
18 organized nor where the Court requires assistance in communicating with other
19 counsel."); *see also Clair v. DeLuca*, 232 F.R.D. 523, 527-28 (W.D. Pa. 2006) (courts
20 have found "qualified lead counsel should surely be capable of performing the ministerial
21 tasks typically assigned to liaison counsel."). Thus, the Court **DENIES** Majority Group
22 Plaintiffs' motion to appoint liaison counsel.
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28

Accordingly, IT IS HEREBY ORDERED that:

1. The following Related Actions are hereby consolidated for all pre-trial proceedings (the "Consolidated Action"):

| **Abbreviated Case Name** | **Case No.** | **Date Filed** |
|---|---|---|
| *Rubenstein et al. v. Scripps Health* | 3:21-cv-01135-GPC-MSB | June 21, 2021 |
| *Rasmuzzen v. Scripps Health* | 3:21-cv-01143-GPC-MSB | June 21, 2021 |
| *Garren v. Scripps Health* | 3:21-cv-01238-GPC-MSB | July 8, 2021 |

2. Every pleading filed in the Consolidated Action must be filed solely in Case No. 21cv1135-GPC(MSB) and shall bear the following caption:

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| In Re: SCRIPPS HEALTH DATA SECURITY BREACH LITIGATION | ) ) ) ) ) ) ) ) ) ) ) | Case No. 3:21-cv-01135-GPC-MSB<br><br>CLASS ACTION |
|---|---|---|

3. Plaintiffs shall file a Consolidated Class Action Complaint within fourteen (14) days of this Order, with Defendant's anticipated Motion to Dismiss to be filed within thirty (30) days of the filing of the Consolidated Class Action Complaint, and Plaintiffs' reply brief to be filed fourteen (14) days thereafter.

## INTERIM LEAD CLASS COUNSEL

1. The Court, in accordance with Rule 23(g) of the Federal Rules of Civil Procedure, hereby appoints William B. Federman of Federman & Sherwood as Interim Lead Counsel.

2. The responsibilities pertaining to Mr. Federman as Interim Lead Counsel are forth as follows:

*Mr. Federman's Responsibilities as Interim Lead Counsel*

a) To determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of Plaintiffs and putative class members on all matters arising during pretrial proceedings;

b) To coordinate the initiation and conduct of discovery on behalf of Plaintiffs and putative class members, consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(b)(2), and 26(g), including the preparation of joint interrogatories and requests for the production of documents and the examination of witnesses in depositions;

c) To coordinate discovery efforts with other counsel to ensure that discovery is conducted in an efficient, orderly, and non-duplicative manner;

d) To conduct settlement negotiations on behalf of Plaintiffs and putative class members, and, where appropriate, to present any proposed settlements to the Court on behalf of putative class members;

e) To delegate specific tasks to other counsel, in a manner designed to ensure that pretrial preparation for Plaintiffs and the putative class is conducted efficiently and effectively;

f) To enter into stipulations with opposing counsel (after such consultations with other counsel as may be appropriate) as necessary for the conduct of the litigation;

g) To prepare and distribute status reports to any other law firms that might seek to represent the putative class;

h) To maintain adequate time and disbursement records covering services for all Plaintiffs' counsel in the proposed Consolidated Action;

i) To monitor the activities of any other law firms that might seek to represent putative class members to ensure that schedules are met, and unnecessary expenditures of time and funds are avoided;

j) To perform such other duties as may be incidental to the proper prosecution and coordination of pretrial activities on behalf of Plaintiff and the putative class or authorized by further order of this Court and

k) With court approval, appoint additional committees, as necessary, including but not limited to, expert, discovery, trial, and settlement committees.

## CONCLUSION

The Court **GRANTS** the Majority Group Plaintiffs' Motion and consolidates the Related Cases of *Rubenstein et al. v. Scripps Health*, 3:21-cv-01135-GPC-MSB; *Rasmuzzen v. Scripps Health*, 3:21-cv-01143-GPC-MSB; and *Garren v. Scripps Health*, 3:21-cv-01238-GPC-MSB and designates *In re: Scripps Health Data Breach Litigation*, Case No: 3:21-cv-01135-GPC-MSB as the lead case, and all further filings shall be made in that case. The Court **DENIES** the Majority Group Plaintiffs' motion to consolidate any and all related cases subsequently filed, transferred or removed to this district. Furthermore, the Court **GRANTS** the Majority Group Plaintiffs' motion to appoint William B. Federman as interim lead class counsel for Plaintiffs and **DENIES** Majority Group Plaintiffs' motion to appoint a Steering Committee and Liaison Counsel.

/ / /

/ / /

/ / /

/ / /

The hearing set on October 8, 2021 shall be vacated.

**IT IS SO ORDERED.**

Dated: October 5, 2021

Hon. Gonzalo P. Curiel
United States District Judge